# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FOURTEEN FIREARMS, and<br>TWELVE ROUNDS OF AMMUNITION,<br><br>    Defendant. | CASE NO: 1:10-cv-00075<br>JUDGE CAMPBELL |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the Defendant Property in the above-captioned case to the United States of America.

On August 23, 2010, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of:

    a. Springfield Armory, model XD, .40 caliber pistol, SN US384644,
    b. Smith & Wesson, model 3913, .9mm caliber pistol SN BAY3579,
    c. Ratmil Cugir, model Romak 2, 5.45 x 39mm caliber rifle, SN 30650997,
    d. Norinco, model SKS Sporter, 7.62 x39 mm caliber rifle, SN 9319334,
    e. Romanian manufacturer, model WASR-10/63, 7.62 x 39mm caliber rifle, SN RC1026-86,
    f. S.N. Romarm S.A./Cugir SAR2, 5.45 x 39mm caliber rifle, SN S2-01622-99,
    g. Russian, model M91/30, 7.62 x 39mm caliber rifle, SN 6679,
    h. Mossberg, model 4x4, 7mm caliber rifle, SN BA085526,
    i. Norinco (North China Industries), model SKS, 7.62 x 39mm caliber rifle, SN 9441961,
    j. Ruger, model 10/22, .22 caliber rifle, SN 25167454,
    k. Ruger, model 10/22 Carbine, .22 caliber rifle, SN 352-14087,
    l. Rock River Arms, model LAR-15, 5.56 mm caliber rifle, SN CM31908,
    m. Remington Arms Company, Inc., model 870, 12 gauge shotgun, SN D971681A,
    n. New England firearms, model Pardner SB .410 gauge shotgun, SN NG365227,
    o. 12 rounds .40 caliber ammunition

(hereinafter collectively referred to as "Defendant Property")

alleging that the Defendant Property constitutes firearms involved in or used in any knowing violation of 18 U.S.C. § 922(a)(6) (false statement to obtain a firearm from a licensed dealer) and 18 U.S.C. § 922(g)(9) (possession by a person convicted of a misdemeanor crime of domestic violence).

Based upon the facts contained in the Affidavit filed in support of the Verified Complaint *in Rem*, the government has established, by a preponderance of the evidence, the requisite nexus between the Defendant Property and the offenses alleged in the Verified Complaint *in Rem*.

Pursuant to Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on August 23, 2010, the Bureau of Alcohol, Tobacco, Firearms and Explosives seized the Defendant Property on October 28, 2010.

On August 25, 2010, Milburn Hogue and Britney Hogue, were served, via certified mail, return receipt, with a copies of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings. On September 21, 2010, a copy fo the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings was also served upon Nathan Moore, as counsel for Milburn and Britney Hogue.

Pursuant to the Notice of Judicial Forfeiture Proceedings, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within thirty-five (35) days from service of the Verified Complaint *In Rem*, and Notice of Judicial Forfeiture.

Public notice to all persons of said forfeiture action was also advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on September 2, 2010, and ending on October 1, 2010.

2

Pursuant to said notice, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within sixty (60) days from the first date of publication of the Notice.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to all persons and entities claiming an interest in Defendant Property, pursuant to Rule 55(a) Federal Rules of Civil Procedure. Based on the pleadings of this case, Milburn Hogue and Britney Hogue are not infants or incapacitated individuals and are not in the military service of the United States, within the meaning of the War and National Defense Service Members Civil Relief Act, 50App. U.S.C. A. § 521.

The United States has now moved for entry of a Default Judgment and Final Order of Forfeiture and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the Defendant Property. Further, the Court finds by a preponderance of the evidence that the Verified Complaint for Forfeiture establishes that the Defendant Property constitutes firearms involved in or used in any knowing violation of 18 U.S.C. § 922(a)(6) (false statement to obtain a firearm from a licensed dealer) and 18 U.S.C. § 922(g)(9) (possession by a person convicted of a misdemeanor crime of domestic violence), and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. A Judgment by Default is hereby entered as to Milburn Hogue and Britney Hogue and all other persons or entities with respect to any interest they may have in the Defendant Property.

2. The government has established, through the facts set forth in the Complaint and Affidavit, by a preponderance of the evidence that there is a nexus between the Defendant Property and the offenses alleged in the Verified Complaint *in Rem* such that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 922(a)(6) (false statement to obtain a firearm from a licensed dealer) and 18 U.S.C. § 922(g)(9) (possession by a person convicted of a misdemeanor crime of domestic violence).

3. The Defendant Property more particularly described as:

   a. Springfield Armory, model XD, .40 caliber pistol, SN US384644,
   b. Smith & Wesson, model 3913, .9mm caliber pistol SN BAY3579,
   c. Ratmil Cugir, model Romak 2, 5.45 x 39mm caliber rifle, SN 30650997,
   d. Norinco, model SKS Sporter, 7.62 x39 mm caliber rifle, SN 9319334,
   e. Romanian manufacturer, model WASR-10/63, 7.62 x 39mm caliber rifle, SN RC1026-86,
   f. S.N. Romarm S.A./Cugir SAR2, 5.45 x 39mm caliber rifle, SN S2-01622-99,
   g. Russian, model M91/30, 7.62 x 39mm caliber rifle, SN 6679,
   h. Mossberg, model 4x4, 7mm caliber rifle, SN BA085526,
   i. Norinco (North China Industries), model SKS, 7.62 x 39mm caliber rifle, SN 9441961,
   j. Ruger, model 10/22, .22 caliber rifle, SN 25167454,
   k. Ruger, model 10/22 Carbine, .22 caliber rifle, SN 352-14087,
   l. Rock River Arms, model LAR-15, 5.56 mm caliber rifle, SN CM31908,
   m. Remington Arms Company, Inc., model 870, 12 gauge shotgun, SN D971681A,
   n. New England firearms, model Pardner SB .410 gauge shotgun, SN NG365227,
   o. 12 rounds .40 caliber ammunition

is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 18 U.S.C. § 922(a)(6) (false statement to obtain a firearm from a licensed dealer) and 18 U.S.C. § 922(g)(9) (possession by a person convicted of a misdemeanor crime of domestic violence).

4. The Bureau of Alcohol, Tobacco, Firearms and Explosives, as custodian of said forfeited property, shall dispose of the same according to law.

5. The Clerk of this Court shall provide the United States Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms and Explosives with a certified copy of this order.

Dated on this, the _____ day of April, 2011.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE